M’Girk, C. J.,
delivered the opinion of the Court.
It appears by the records that Eliza Williams intermarried with John Williams ; that she had no children by him $ that he died leaving children by a former wife 5 that after the payment of Williams’ debts, there remained of his property, among other things, a negro man which came to Williams by his intermarriage with the said Eliza. She intermarried with Griffith, the plaintiff.
An application was made to the County Court of Callaway county for a decree against the administrator, to compel him to deliver the negro to Griffith and wife, as a legal part of her dower, without allowing the children of Williams, by his former Wife, any pait thereof.
The County Court made the decree required, from which an appeal was taken to the Circuit Court of the county The Court reversed the decree, and ordered and de» creed that the said Eliza was not entitled to have the slave’absolutely, but that she was only entitled to one third part of the slave during her life.
The error assigned is, that the decree of the Circuit Court is erroneous.
It is insisted by the counsel for the plaintiff in error, that by the first section of the act of the General Assembly, Revised Code, 333, a widow is entitled to all the real *137 «state, slaves, &c., which came to- the husband in right of the wife, when he-'dies, without children capable of inheriting from her.
On the other side it is insisted that the widow is only entitled to a third for life, of such real estate and slaves, the intestate leaving children eapable of inheriting from him, notwithstanding he left no children capable of inheriting from the wife. The 'words of the act are, “that every \yidaw, whether alien or not, of any person who shall hereafter die, shall be endowed in the lands, tenements and hereditaments, and other real estate lying in this State, whereof her husband was seized of an estate of inheritance in law or equity, during coverture, &c., and of all the personal estate and slaves belonging to her husband at the time of his death and which shall remain after the payment of his debts, in manner following, that is to say: if the husband shall leave no children or other descendants capable of inheriting, then the widow shall be endowed of all the real and personal estate which came to the husband 'in right of the wife by means of the marriage, absolutely, and of one full and equal half of'all the real estate and slaves and other personal property of which the husband was possessed, (and which remains undisposed of,) in his own righ t absolutely: and if there be such children or their descendants, then the widow shall be endowed of one full and equal third part of such real estate and slaves during her natural life, •and one equal third part of the personal estate absolutely.”
When this cause was first argued, the Court had some difficulty in making an opinion ; we however concluded that the words, “ children capable of inheriting," should be read as if written, “ children capable of inheriting from her; ” but on re-argument we are well satisfied that opinion was wrong. The statute says, if the husband leaves no children capable of inheriting, then the wife shall be endowed of the one half of all the real estate and slaves which came to the marriage by the wife. The circumstance that the statute endows a widow of only half when there are no children, and that too of her own lands, when by the law the whole of her lands go to her, not as dower, but as her own property, created doubt and obscurity. All that can be said of this portion of the statute is, that this provision was inadvertently introduced and cannot have any effect to alter the wife’s rights with regard to her real estate, after the coverture is dissolved 5 but with regard to the slaves and personal property, it may have effect to give her a different portion other than she would have had by the common law.
The question before the Court is this, can the widow claim the slave in question because it came to the marriage by her, when the husband left children capable of inheriting from him, though none were left capable of inheriting from her. The Court is now clearly satisfied that the widow cannot have the slave absolutely as part of her dower, but is only entitled to a third or life.' The words, a children or other descendants capable of inheriting,” are often and in many instances used in law, and they are generally so used to draw a line of distinction between those who are legitimate and those who are not so. In this case the words were used with that intent and none other. -It is argued that this construction of the statute furnishes a bad rule of law for the widow. We admit it may often happen to be so 5 but if we adopt a contrary rule, equal if not greater hardships may arise. If the widow is entitled to take all her slaves and personal property back again, because she had no child by the husband, it must also follow for the same reason, that although he leit twenty children by a former marriage, that the wife must have one half of the slaves and the other pernot for but 'forever. Could the *138 to be the rule of law? We think this would he as unjust, if not more so, than the widow’s case is now said to be. We will suppose the law-maker saw the inconveniences on both sides of the question, and has preferred the rule we adopt, to the other.
The judgment of the Circuit Court is affirmed, with costs.